IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MARK D. RICE,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )   Case No. CIV-06-1292-F
                                       )
U.S. DEPARTMENT OF JUSTICE,            )
*et al.*,                              )
                                       )
            Defendants.                )

## REPORT AND RECOMMENDATION

Plaintiff Mark Rice requests *in forma pauperis* status, and the Court should decline

the request and deny leave to proceed without prepayment of the filing fee.

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), a prisoner cannot

proceed *in forma pauperis* if he has, on three or more prior occasions, "brought an action or

appeal in a court of the United States that was dismissed on the grounds that it [was]

frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the

prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Mr.

Rice has had three or more dismissals for frivolousness, maliciousness, or failure to state a claim on which relief can be granted.[1]

Mr. Rice does not:

- deny the existence of three or more qualifying dismissals or

- allege imminent danger of serious physical injury.

*See* Reply to Court[']s Order of 12/18/06, *passim* (Dec. 26, 2006).  Instead, the Plaintiff seeks an exception based on his past ignorance of the law and lack of legal materials.  *See id.*

Even if the Court were to retain discretion to excuse the "three strikes" provision, Mr. Rice has not shown extraordinary circumstances.  *See Dubuc v. Johnson*, 314 F.3d 1205 (10th Cir. 2003).[2]  The Plaintiff claims that if he had obtained access to legal materials, he would have known better than to file three deficient complaints.  Reply to Court[']s Order of 12/18/06, *passim* (Dec. 26, 2006).  But ignorance of the law is not an extraordinary circumstance.  *See*, *e.g.*, *Roe v. Scott*, 19 Fed. Appx. 781, 783 (10th Cir. Sept. 19, 2001)

---

[1]    *See* Report and Recommendation, *Rice v. Helm*, Case No. CIV-02-1169-R (W.D. Okla. Dec. 31, 2002), *adopted* (W.D. Okla. Mar. 17, 2003); Report and Recommendation, *Rice v. Johnson*, Case No. CIV-02-1496-R (W.D. Okla. Dec. 19, 2002), *adopted* (W.D. Okla. Mar. 31, 2003); Report and Recommendation, *Rice v. Helm*, Case No. CIV-03-252-R (W.D. Okla. June 4, 2003), *adopted* (W.D. Okla. Aug. 7, 2003), *aff'd*, Case No. 03-6226 (10th Cir. Nov. 7, 2003) (unpublished op.).

[2]    In *Dubuc*, two of the three judges held that the trial court could not reach the merits because the prisoner had "three strikes."  *See Dubuc v. Johnson*, 314 F.3d 1205 (10th Cir. 2003).  One of the judges relied on the absence of extraordinary circumstances.  *See id.* at 1207-10.  A second judge believed that the court lacked discretion to reach the merits in light of the plain language of 28 U.S.C. § 1915(g).  *See id.* at 1210-12.  The third judge dissented, believing that the court had discretion to address the merits under Fed. R. App. P. 3(a)(2).  *See id.* at pp. 1212-15.

(unpublished op.) ("ignorance of the law is not an extraordinary circumstance" for purposes of equitable tolling).  As a result, 28 U.S.C. § 1915(g) prohibits an award of pauper status to Mr. Rice.

The Court should deny Mr. Rice's request for *in forma pauperis* status and allow the action to proceed only upon payment of the $350.00 filing fee within twenty days of an order adopting the recommendation.  *See* W.D. Okla. Local Civil Rule 3.3(e).  If Mr. Rice fails to pay the filing fee within the twenty-day period, the Court should dismiss the action without prejudice.  *See id.*; *see also Cosby v. Meadors*, 351 F.3d 1324, 1326-33 (10th Cir. 2003) (upholding dismissal of an inmate's civil rights complaint based on noncompliance with orders requiring installments on the filing fee or to show cause for the failure to pay).

Mr. Rice can object to the present report and recommendation.  Any such objection must be filed with the Clerk of this Court by February 2, 2007.  *See* W.D. Okla. Local Civil Rule 72.1(a).  The failure to timely object would foreclose appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The referral is terminated.

Entered this 12th day of January, 2007.

Robert E. Bacharach
United States Magistrate Judge